# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| KENNETH H.,[1] ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 21-1091-JWL |
| KILOLO KIJAKAZI,[2] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614, Title II and Title XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ) decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.     Background**

Plaintiff protectively filed applications for DIB and SSI benefits on January 4, 2016. (R. 38, 403). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Plaintiff claims the ALJ erred in failing to apply Soc. Sec. Ruling (SSR) 16-3p correctly when evaluating his allegations of symptoms resulting from his mental impairments.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).  The court addresses the error alleged in Plaintiff's Social Security Brief.

## II. Discussion

Plaintiff claims the evidence does not support the ALJ's decision because he incorrectly applied SSR 16-3p.  He argues, "Specifically, the ALJ relied too heavily on the absence of objective abnormalities and failed to consider other relevant factors that support [Plaintiff]'s claims of disability."  (Pl. Br. 7).  Plaintiff argues the ALJ failed to consider all the record evidence "both objective and nonobjective, and determine whether that evidence supports the claimant's allegations," and thereby failed to apply the last step of the process for evaluating a claimant's allegation of symptoms resulting from his

mental impairments. (Pl. Br. 9). First, he argues the ALJ did not take into account the waxing and waning of his mental symptoms. Id. He then argues the other evidence supports his allegation of symptoms. Id. 10-12 (citing evidence which supports his allegation of symptoms).

In response, the Commissioner argues, "Plaintiff's putative claim is that the ALJ did not properly evaluate his subjective complaints under Social Security Ruling (SSR) 16-3p (Pl. Br. 7-13). But Plaintiff's arguments reveal that he just thinks that the record could have been read differently." (Comm'r Br. 4) (citing Pellam v. Astrue, 508 F. App'x 87, 91 (2d Cir. 2013) ("We think that [the claimant] is, in reality, attempting to characterize her claim that the ALJ's determination was not supported by substantial evidence as a legal argument in order to garner a more favorable standard of review.")). The Commissioner points out the ALJ discussed Plaintiff's waxing and waning symptoms over time and "specifically discussed the impact of Plaintiff's alleged hallucinations." Id. (citing R. 31). She argues the ALJ discounted the medical opinions relied upon by Plaintiff to bolster his allegations, id. at 5, and the ALJ's evaluation of the evidence "was more than sufficient." Id. at 6-7 (citing Davis v. Erdmann, 607 F.2d 917, 919 n.1 (10th Cir. 1979) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given . . . we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." (citations omitted)).

In his Reply Brief, Plaintiff reiterates his earlier arguments and points out, "At its core, [Plaintiff] alleged he is unable to work because he could not distinguish between his hallucinations and reality." (Reply 1). He argues it was wrong for the ALJ to rely "on

5

the absence of memory and attention deficits," because "the Tenth Circuit has stated '[t]he absence of evidence is not evidence.'" (Reply 2) (quoting Kellams v. Berryhill, 696 F. App'x. 909, 915 (10th Cir. 2017)).

### A.     Standard for Evaluating a Claimant's Allegation of Symptoms

The court's consideration of an ALJ's evaluation of a claimant's allegations is deferential. Such evaluations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). Such "determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett, 395 F.3d at 1173. Therefore, in reviewing the ALJ's evaluations, the court will usually defer to the ALJ on matters involving witness allegations. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). However, such findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988)); Hackett, 395 F.3d at 1173.

Both the regulations and the courts have suggested factors to be considered when evaluating a claimant's allegations of symptoms. The courts' factors include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993).[3]  The regulatory factors are similar:  Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures Plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. §§ 404.1529(c)(3)(i-vii), 416.929(c)(3)(i-vii).

### B.     The ALJ's Findings

The ALJ stated he had applied the standard for evaluating a claimant's allegations of symptoms as provided in 20 C.F.R. §§ 404.1529 and 416.929 and explained in SSR 16-3p.  (R. 23).  He specifically stated the regulatory factors he had considered.  Id. 24.  He noted that he was required to consider objective medical evidence regarding the alleged symptoms, and when the "symptoms are not substantiated by objective medical

---

[3] Talley, Broadbent, Wilson, Hackett, Glass, Huston, Kepler, Thompson, and Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987), were decided when the term used to describe the evaluation of a claimant's allegations of symptoms resulting from his impairments was "credibility determination."  Although that term is no longer used, the applicable regulation never used that term and the procedure for evaluating a claimant's allegations of symptoms has not significantly changed.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,871 (Jan. 18, 2017) (codified at 20 C.F.R. §§ 404.1529. 416.929).  Moreover, the Tenth Circuit held its approach to credibility determination was consistent with the approach set forth in SSR 16-3p. Brownrigg v. Berryhill, 688 Fed. Appx. 542, 546 (10th Cir. 2017).  Therefore, the framework set out in Luna, based on 20 C.F.R. §§ 404.1529 and 416.929 (2017) is still the proper standard to be used as explained in the regulations in effect on September 2, 2020, when this case was decided.  Nonetheless, to the extent, and only to the extent, "subjective measures of credibility that are peculiarly within the judgment of the ALJ;" Kepler, 68 F.3d at 391; relate to an examination of a claimant's character, it is specifically prohibited by SSR 16-3p, and is no longer a valid factor to be considered.

evidence, the undersigned must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities." (R. 24). The ALJ summarized Plaintiff's alleged symptom in three paragraphs in his decision, id. 24-25, and expressed his finding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id. 25.

The ALJ stated his finding: "The clinical findings on exam and treatment history are not consistent with the severity and frequency of alleged symptoms related to the claimant's mental health impairments, including his schizophrenia, major depressive disorder, and alcohol use disorder," and for the next four pages of his decision summarized Plaintiff's mental health treatment from August 2015 through January 2020. Id. 28-31. In conclusion, he explained his findings:

> Accordingly, the medical and other evidence is consistent in finding that the claimant's memory and thought processes are intact even in spite of his alleged hallucinations. Furthermore, although he alleged they were derogatory and command in nature when he presented for his consultative examinations, he repeatedly denied they were command in nature or even bothersome when presenting to his treating mental health provider (Exhibits 3F at 1; 12F at 4, 16, 30, 32; 14F at 3-4, 5, 8, 10, 13; 23F at 2-3; 27F at 4, 6). That is consistent with his testimony at hearing that with medication they are muffle, [sic] although not consistent with testimony that they are command in nature and still occurring 3 times per week (Hearing Testimony). However, the undersigned has credited periods of muffled hallucinations when finding the claimant has moderate limitations in concentrating, persisting, or maintaining pace when finding the claimant can perform simple, routine, repetitive tasks in other than fast-paced production environments. A further reduction is not consistent with the evidence that the claimant's attention and thought processes were generally intact, even in spite of allegations that he has low motivation (Exhibit 9F at

> 3; Hearing Testimony).  Furthermore, although the claimant described significant paranoia and not leaving the home often during his consultative examinations, that degree of paranoia was not described in the claimant's treatment records.  Instead, with treatment, his paranoia improved (Exhibit 27F at 6) and even reported doing well when he worked part time at a convenience store in 2018 (Exhibit 14F at 13).  This is consistent with no more than moderate limitations in interacting with others.  Given the claimant's disheveled or soiled appearance and crediting lessened [sic] paranoia around others, the undersigned finds the claimant is able to perform work requiring no contact with the general public, occasional superficial interaction with coworkers and supervisors, and positions that do not require working in teams or in tandem.  The claimant's normal or good mood and cooperative behavior are not consistent with the need for a further reduction in the residual functional capacity.  Furthermore, the claimant is able to do his own shopping and goes to the laundromat where he stays for a couple of hours to do his laundry, which is not consistent with the need for additional restrictions (Hearing Testimony).  He has not described significant side effects to his medication (Exhibit 27F at 3).  He also denies regular alcohol use (Hearing Testimony).

(R. 31).

### C. Analysis

As noted above, the court's review here is deferential, and it finds no error in the ALJ's evaluation of Plaintiff's allegations of symptoms.  The ALJ found Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (R. 25).  He then explained his reasons for finding Plaintiff's allegations inconsistent with the record evidence.  (R. 28-31).  Plaintiff is incorrect to argue the ALJ did not consider all the evidence—both objective and subjective—when evaluating Plaintiff's allegations of symptoms.  The ALJ summarized the evidence and stated he had considered "the medical and other evidence."  (R. 31) ("Accordingly, the medical and other evidence …").  Plaintiff's argument the ALJ did

9

not consider the waxing and waning of his symptoms is belied by the ALJ's summary of his treatment recognizing the changes in his reported symptoms and in his clinical presentation over time in his mental health treatment and examination notes. (R. 28-31). Moreover, Plaintiff's argument that other evidence supports his allegations is little more than an assertion that the ALJ should have weighed the evidence more favorably for him. But the ALJ recognized evidence contrary to his determination and explained why he made the findings he did. Plaintiff has not provided evidence which compels a finding in his favor.

The arguments in Plaintiff's Reply Brief are no more compelling. Although Plaintiff argues he is unable to distinguish between his hallucinations and reality, the ALJ found his "memory and thought processes are intact even in spite of his alleged hallucinations" and explained the evidentiary bases for these findings. (R. 31). As Plaintiff argues, "[t]he absence of evidence is not evidence." (Reply 2) (quoting Kellams, 696 F. App'x. at 915). However, the ALJ did not rely on an absence of evidence of decreased memory or attention deficits, but on affirmative evidence of normal attention and intact memory, appropriate memory, and normal memory. (R. 28-31, passim). And the record evidence supports the ALJ's evaluation.

Plaintiff has shown no error in the ALJ's evaluation of his allegations of disabling symptoms.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated May 17, 2022, at Kansas City, Kansas.

<pre>
                              s/ John W. Lungstrum
                              <b>John W. Lungstrum
                              United States District Judge</b>
</pre>